*178 OPINION of the Court, by
Judge Bibb.
— Prather and Smiley, declared against Austin Hubbard, in an action on the case; after charging that the defendant being *179 indebted to them the sum of £. 45 19s. and after setting forth and making profert of this instrument of writing as executed by the defendant to them, viz :
the c admit that for evidence, reject* that which ought ⅛ J>e received, it exception to the opinion of ths court-
. 0.f'evidence *⅛ proper for the Ju;7 to deter-the truth of the evidence, but gchncythereof in point of may
to evidence the court are bound which a jury mlght have m-deration and^ comparison of ts*
“ This will certify, that I have this day assigned to Prather and Smiley, forty-five pounds nineteen shillings, out of a bond Shepherd and Hubbard has on Charles Dorsey and Son, for four hundred and seventy-five pounds eleven shillings and five pence, dated April 13th, 1797, and payable the 1st of September 1798, for value received, witness my hand and seal this 6th of A. HUBBARD, August 1798, Testis, RICHD. RAPIER”
The declaration avers, that Shepherd and Hubbard, or the said Austin, received of said Dorsey and Son, the full amount of the aforesaid bond, whereby the said Austin remained still liable to pay the aforesaid sum of £. 45 19s. and being so liable in consideration thereof, assumed to pay, &c. and assigns breach in non payment ; the defendant pleaded non assumpsit, and upon that issue was joined, and also non assumpsit within five years ; to which the plaintiffs replied specially, that the defendant or his partner Shepherd, was possessed of the said bond on Dorsey and Son, for the sum in the declaration mentioned ; that they, (said Shepherd and Hubbard,) did not bring suit on said bond nor deliver it to the plaintiffs to enable them to bring suit; that the defendant had received the money mentioned in the bond, and had assumed upon himself within five years, &c. and thereupon issue was joined,
The plaintiffs gave in evidence the aforesaid writing, and also produced Gab. J. Johnson, who testified that he had enquired of the defendant whether he had not received the amount of the bond from Dorsey and Son, who replied “ that he had not, they owed him a thousand dollars yet.” To this evidence the defendant demurred, and the plaintiffs joined in demurer ; the defendant moved for leave to withdraw the demurrer, to which the plaintiffs objected, but the motion was granted ; after withdrawing the demurrer to evidence, the defendant moved the court to instruct the jury “■ that the testimony did not support the action,” but the court were divided in opinion, and the motion fell, whereupon the defendant took his bill of exceptions, stating *180 the exhibit before set forth, and the testimony of Johnson, and that ⅛ was the whole
An assignment of part of an obligation rise ”the"1 as" Eignee to sue in his own name, nor m conjunction with the obli-gees.
Such an as-xignmentmakes the affignor responsible to the affignee for the amount assigned -when coilefted, and the la» implies en the part of the affignor to dUi cover of the obligor.
lhe of the money by the affignor wasa good B^hoi¿°the a'-sumpsit as laid in the declara-
ftatuteot limitations did not begin to run ñe^was'receT ved by the assignor.
The jury found a verdict for the plaintiffs for £. 45 19s. in damages, for which the court rendered iudg-0 jo tnerU.
The said defendant Hubbard prosecutes this writ of error’ (which was made a supersedeas,) and assigns that “ the court erred in not directing, as in case of a nonsuit, when applied to for that purpose.”
u 2d. The declaration and pleadings do not contain r . ,⅜ 1 Q any cause ot action.”
•“ 3d. Upon the whole case, on the merits, the judgment should have been for the defendant in the inferior ,, court.
Upon the first question, a doubt was expressed by a mernb^y Df ghe court, whether the writing declared on . , - 7 ° . . . is to be regarded as evidence, as the execution ot it is not proved by the evidence stated and certified as the whole evidence. But in certifying the evidence, the court have certified that instrument as a part. If the defendant had objected that the instrument ought not to in evidence, until proved by the subscribing witness, then he should have stated his objection as such, instead of stating it in his bill of exceptions as a part of evidence.
1 he instrument oi writing- and the testimony of were in correspondence with, and not variant *rom the pleadings. The variance between the allegata, and the probata, makes a question of law to the court, If the court admit that for evidence, which is not evi-dene®, or reject that which ought tobe received, it is cause of exception (a) to the opinion of the court. The weighs of the evidence is proper to be determined by the jury j or ^ Party chooses to admit /the truth of the evidence, but denies the sufficiency thereof in point of law, he may demur, thereby refering the sufficiency to be determined by the court. In such case the court are bound to take every fact as admitted, which a jury might have inferred from a comparison and rational consideration of the whole testimony. The demurrer which was joined, and the subsequent instruction asked for in the present case, tend to the same point.
From the instrument declared on, it is evident that it would not have enabled Prather and Smiley to sqs *181 ⅛ their own names, nor in conjunction with Shepherd and Hubbard. The obligation was res integra indivi-sabilis et indivisa. Hubbard had not assigned the whole bond on Dorsey and Son, nor had he made the assignment on behalf of the partnership, but in his separate individual capacity. The legal effect of the instrument seems to be this : Hubbard for a valuable consideration acknowledged, assumes upon himself to pay the amount of £. 45 19i. to the plaintiffs in that action, when he should collect the bond of Dorsey and Son ; the plaintiffs on their part agree to wait until the payment can be received or enforced from Dorsey and Son, and in consideration thereof, the law will imply that Hubbard promised to use reasonable diligence. The parol evidence proves he had received a part of the bond at least equal to £. 174 11s. 5d. of the principal debt. At what time the defendant Hubbard might have recovered the whole amount by using reasonable diligence, was a question of fact, proper to be determined by the jury. The defendant Hubbard on his part, offered no evidence of his having us«d any diligence to recover the amount; and it was with the jury to say, whether from the 1st of September 1798, the time when Hubbard recited the bond to have been payable, until the 28th of January 1804, the day of the impetration of the writ, the money might not have been collected by using reasonable diligence. If this matter was referred to the court by the motion to instruct the jury, as in case of a nonsuit, there is no hesitation in saying the time was amply sufficient. From the time when by reasonable diligence, Hubbard might have received the money from Dorsey and Son, the law raised an implied assumpsit from Hubbard to Prather and Smiley, to pay the sum mentioned in the writing as assigned to them. Upon that view of the case the court properly submitted it to the jury upon both pleas.
The second assignment, can only be founded on the supposed deficiency of the declaration in failing to state the original consideration for which the assignment was executed. It is said that in assumpsit, the declaration should set out for what the debt became due, and not generally that the defendant being indebted undertook, &c. — the reason given is that the debt might be due by specialty, in which case that action would not lie, but *182 debt or covenant. But it is farther held, that if it su& ficiently appears from the declaration that the debt is not due by specialty, it is good (a). Here it appears that the assignment set forth under the hand only of the party is the foundation of the assumpsit raised by implication of law,
Upon the third assignment very little is necessary in addition to what has been said on the first. The merits are clearly with the plaintiffs below. The writing acknowledges a valuable consideration ; the consideration has not been impeached ; an acknowledgement of the receipt of part of the bond on Dorsey and Son, was proved ; the defendant did not shew that he had used any diligence to collect the money ; no suit had been brought, the bond was not produced by the defendant, nor did he attempt to shew he had ever delivered it to the plaintiffs. These circumstances would have warranted the inference that Hubbard had assumed upon himself, to pay as charged in the declaration. If it were necessary to shew, as stated in the declaration, that he had collected the full amount of the bond, these are circumstances from which, united with the length of time since the bond became due, the jury might have inferred the collection of the whole debt; but they were fully sufficient to make the defendant in the action liable. Upon the demurrer to evidence, the defendant in the action must have been held liable to the action, and the motion to the court to instruct the jury, must be considered in the same light.- — —Judgment affirmed.
A rehearing was granted of this cause on petition of the plaintiff in error; and afterwards, on the 15th of June 1809, the following opinion was delivered by the court, composed of Ch. J. Bibb and Judges Boyle and Wallace.
Upo» a reconsideration of the case, the court find no cause for changing the result of their former decision. In the opinion delivered however, there is an expression which is calculated to mislead, and which the court take this opportunity to correct. It is well established: that the law will not raise an assumpsit without a consideration, or support an action on a nudum pactwn ; therefore, in assumpsit it is necessary to set out the consideration upon which the action arises; as well as to shew *183 that it is not a debt by specialty, as to shew it is not a nude pact. But in the case before ns, the writing de-dared upon is evidence of an equitable assignment of so much of the debt due from Dorsey and Son, and the receipt of the amount from them by the defendant below, was a good consideration to uphold a promise.
As it did not appear at what time this money had been received, the court could not say the statute had barred the action. It is not like the case of an original consideration and promise, which the court see clearly has been barred by the statute, but which- the plaintiff must clearly revive by a new promise within the limitation. As in this case, whether barred or not, could only be determined by ascertaining the time of the receipt from Dorsey and Son, the court did right to refuse the instruction and leave it to the jury to determine it.
Judgment affirmed.

 Bull N P. 314-5',

 Vide the opinion in this case of June 3809.